John H. Scott, SBN 72578
Lizabeth N. de Vries, SBN 227215
**SCOTT LAW FIRM**
1388 Sutter Street, Suite 715
San Francisco, California 94109
Telephone: (415) 561-9601
Facsimile:  (415) 561-9609
john@scottlawfirm.net
liza@scottlawfirm.net

Izaak D. Schwaiger, SBN 267888
527 Mendocino Avenue Ste. B
Santa Rosa, CA 95401
Tel. (707) 595-4414
Facsimile: (707) 595-4473
E-mail: izaak@izaakschwaiger.com

Attorneys for the Plaintiff GABBI LEMOS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GABBI LEMOS,<br><br>               Plaintiff,<br><br>          v.<br><br>COUNTY OF SONOMA, STEVE FREITAS, MARCUS HOLTON, and DOES 1-25, inclusive.<br><br>               Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**[UNDER 42 U.S.C. §§ 1983]**<br><br>*JURY TRIAL demand* |

COMES NOW PLAINTIFF, Gabbi Lemos who complains of defendants, and each of them, and alleges as follows:

**JURISDICTION & VENUE**

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and the First and Fourth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343.

2. The claims alleged herein arose in the County of Sonoma in the State of California. Venue for this action lies in the United States District Court for the Northern District of California under 28 U.S.C. §1391(b)(2).

**PARTIES**

3. Plaintiff Gabbi Lemos (hereinafter "Lemos" or "plaintiff") is a resident of Sonoma County, California.

4. Defendant County of Sonoma is a public entity situated in the State of California and organized under the laws of the State of California.

5. At all relevant times, defendant Steve Freitas, Sheriff of Sonoma County, was an elected official employed by the County of Sonoma.

6. At all relevant times, defendant Marcus Holton was a Deputy Sheriff and employee of the County of Sonoma.

7. The true names and capacities, whether individual, corporate, associate or otherwise, of defendants Does 1 through 25 inclusive, are unknown to the plaintiff, who therefore sues said defendants by such fictitious names. Defendants DOES 1 through 25, and each of them, were responsible in some manner for the injuries and damages alleged herein. Plaintiff is informed and believes and thereupon alleges upon information and belief that each of them is responsible, in some manner, for the injuries and damages alleged herein.

8. In doing the acts and/or omissions alleged herein, the defendants, including DOES 1 through 25, acted in concert with each of said other defendants herein.

9. At all times during the incident, the defendants acted under color of state law in the course and scope of their duties as agents and employees of the County of Sonoma.

10. Defendant Holton's conduct was authorized, encouraged, condoned and ratified by Sheriff Freitas and the County of Sonoma.

## STATEMENT OF FACTS

11. On Saturday, June 6, 2015, Gabbi Lemos graduated from Petaluma High School. One week later on June 13, her mother and sisters threw a graduation party for her at their home in Petaluma that was attended by close friends and family. After a barbeque and the receiving of gifts, the party ended at about 8:00 p.m., and the family's guests began to leave. Gabbi stayed awake for another hour opening presents, then went to bed.

12. At about 11:00 p.m., Gabbi awoke to flashing police lights outside her bedroom window. She walked outside barefoot in her pajamas where she was joined by her mother and sister Chantee. They observed Sonoma County Deputy Sheriff Marcus Holton contact the boyfriend of Gabbi's other sister Karli while he was parked in the in the street with his blinkers on. Deputy Holton contacted Karli's boyfriend and asked him to step out of his vehicle. The family then observed Deputy Holton question Karli's boyfriend for about five minutes before walking to the passenger side of the vehicle where Karli was seated and violently ripping the door open.

13. Deputy Holton reached into the vehicle with both hands to grab Karli. Gabbi rushed forward and complained to the deputy that he had no right to pull her sister out of the vehicle, and that he needed to ask her first. Deputy Holton then turned to face Gabbi who demanded that a female officer be present. The deputy violently shoved Gabbi, a ninety-pound, eighteen-year-old girl, backward, and yelled that no one else was coming. Stunned from the physical assault, Gabbi protested to the deputy, "You can't touch me! We have rights!"

14. Deputy Holton then shifted his entire focus to Gabbi and began advancing on her. Gabbi's mother and sisters attempted to stand between the deputy and Gabbi, locking their arms together to try to keep the increasingly aggressive officer away from her. Gabbi's mother whispered to her to go back in the house. Gabbi turned and began walking up the driveway, when Deputy Holton bolted around the family and without a word caught Gabbi from behind around the neck in a chokehold, lifting her small body off the ground several feet before throwing her

face-first onto the driveway. Deputy Holton put his knee in the back of Gabbi's head and began grinding her face into the gravel, despite her screams and her family's pleas to stop.

15. Deputy Holton yelled "Stop resisting!" as blood pooled on the ground under Gabbi's face and she cried in pain. Her entire face was covered in blood, her mouth was full of blood, and a portion of her scalp had been abraded off. Gabbi was handcuffed and placed in Deputy Holton's patrol vehicle until an ambulance arrived to transport her to the hospital. Released from her handcuffs while en route to the emergency room, Gabbi ran her fingers through her hair and a large clump of bloody hair and skin came off her head. In a matter of hours she developed two black eyes that would swell completely closed in the following days. Her whole face was covered with scrapes and bruises. The scars on her nose and forehead remain visible. Gabbi suffered severe physical and emotional trauma at the hands of Deputy Holton.

16. Gabbi was transported to the hospital and cleared for transport to the Sonoma County Main Adult Detention Facility where she was booked on charges of resisting arrest and battery on a peace officer. Her family posted her bail and she was released. Two days later her face had swollen so large that her family transported her again to the emergency room where a doctor asked her if she would report the assault. Another sheriff's deputy was dispatched to the hospital and took a report. Gabbi returned home where she could not eat, sleep, or stop crying for days.

17. Gabbi attended criminal court four times before the district attorney's office completed their review of the police reports and the deputy's body camera footage, ultimately rejecting both charges and declining to file a case against her. Gabbi suffered thousands of dollars in medical expenses and was unable to leave her house for over a month following these events.

## STATEMENT OF DAMAGES

18. As a result of the acts and/or omissions alleged herein, plaintiff suffered general damages including pain, fear, anxiety, and humiliation in an amount according to proof.

19. Plaintiff sustained serious physical injuries and has also incurred and may continue to incur medical treatment and related expenses in amounts to be determined according to proof.

20. The acts and omissions of the individual defendants were willful, wanton, reckless, malicious, oppressive and/or done with a conscious or reckless disregard for the rights of

plaintiff.  Plaintiff therefore prays for an award of punitive and exemplary damages against these individual defendants in an amount according to proof.

21. Plaintiff has retained private counsel to represent her in this matter and is entitled to an award of attorneys' fees and costs.

**CAUSES OF ACTION**
**FIRST CAUSE OF ACTION**
[42 U.S.C. §1983 –FIRST AMENDMENT]

22. All allegations set forth in this Complaint are hereby incorporated by reference.

23. Plaintiff complained to Deputy Holton that he subjected her sister and herself to police abuse and misconduct. As a result of her protests she was attacked and seriously injured.

24. Such complaints by plaintiff involve matters of public concern and are protected by the First Amendment to the United States Constitution.

25. Defendant Holton retaliated against plaintiff for her complaint.

WHEREFORE, plaintiff also prays for relief as set forth herein.

**CAUSES OF ACTION**
**SECOND CAUSE OF ACTION**
[42 U.S.C. §1983 –FOURTH AMENDMENT]

26. Plaintiff hereby alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

27. Defendants violated the plaintiff's clearly-established right to be free from the intentional and unreasonable use of excessive force as guaranteed by the Fourth Amendment to the United States Constitution.

28. An objectively reasonable officer would have known that the use of force upon the plaintiff was excessive and could cause serious injury.

29. Defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the plaintiff's rights.

30. Defendants' misconduct was the moving force that caused plaintiff's injuries.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**THIRD CAUSE OF ACTION**
[42 U.S.C. §1983 – SUPERVISORY LIABILITY AGAINST SHERIFF STEVE FREITAS]

31. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

32. Plaintiff enjoys the right to be free from excessive force under the Fourth Amendment and of the United States Constitution as against supervisors of law-enforcement officers.

33. Defendant Holton had a history of violence and excessive force, prior to June 2015, that was known to Sheriff Freitas. The failure to properly supervise and discipline Holton, and other Deputies, was a moving force behind the brutal and violent attack on Gabbi Lemos. Based on the failure to discipline Deputies, including correctional staff, for excessive force Defendant Holton was encouraged and authorized to use excessive force knowing there would never be discipline or other administrative consequences.

34. Plaintiff alleges on information and belief that defendant Sheriff Freitas encouraged and condoned this misconduct by never disciplining deputies for the systemic use of excessive force. Accordingly, Sheriff Freitas acquiesced in plaintiff's constitutional deprivations under Fourth Amendment, and, showed a reckless or callous indifference to the rights of others.

35. Defendants acted willfully, wantonly, maliciously, oppressively, and with conscious disregard to the plaintiff's rights.

36. Defendants' misconduct was the moving force that caused plaintiff's injuries.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**FOURTH CAUSE OF ACTION**
[42 U.S.C. §1983 – FAILURE TO DISCIPLINE, POLICIES/CUSTOMS, DELIBERATE INDIFFERENCE AGAINST THE COUNTY OF SONOMA]

37. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

38. The acts or omissions alleged herein regarding the use of excessive force was, upon information and belief, caused by (1) the failure to discipline of deputies by Sheriff Freitas and the County of Sonoma and/or (2) official policies, practices or customs of Sheriff Freitas and the

County of Sonoma regarding the use of force; and/or (3) the deliberate indifference of Sheriff Freitas and the County of Sonoma to the use of excessive force.

39. Plaintiff alleges on information and belief that the County of Sonoma and Sheriff Freitas knew or should have known that their acts and omissions would likely result in a violation of the Fourth Amendment right to be free from excessive force.

40. Upon information and belief, the alleged acts and omissions were the moving force that caused plaintiff's injuries.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
[42 U.S.C. §1983 – RATIFICATION AGAINST THE COUNTY OF SONOMA]

41. Plaintiff hereby re-alleges and incorporates by reference as though fully set forth herein all prior paragraphs of this Complaint.

42. The acts or omissions alleged herein regarding the use of excessive force, upon information and belief, were ratified by defendant Sheriff Freitas. He had final policymaking authority for the County of Sonoma concerning the acts of Deputy Marcus Holton. Plaintiff alleges on information and belief that he knew of and specifically approved of Holton's acts which violated plaintiff's Fourth Amendment right to be free from excessive force.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### PRAYER FOR RELIEF

Plaintiff prays for relief as follows:

1. For compensatory and economic damages according to proof;
2. For general damages according to proof;
3. For an award of exemplary or punitive damages against the individual defendants;
4. For an award of attorney's fees and costs as permitted by law; and
5. For such other and further relief as the Court may deem necessary and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff hereby requests a jury trial on all issues so triable.

Dated:  November 12, 2015                                         **SCOTT LAW FIRM**


                                                                  By: /s/ John Houston Scott
                                                                      John Houston Scott
                                                                      Attorneys for Plaintiff

SCOTT LAW FIRM
1388 SUTTER STREET, SUITE 715
SAN FRANCISCO, CA 94109